UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| PHARAOH ILLUM'MAATI, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No. 3:20-cv-00546 |
| v. | ) |
| | ) Judge Trauger |
| KENNETH BAILEY, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a pro se motion entitled "Motion for Request: The Order to Close the Case. Regarding Entries for July 1, 2020 and August 12, 2020. Claimant Has Never Forfeited His Right to Bring Suit Against a Municipality Under 42 U.S.C.S. § 1983; And Must Put Court on Notice of Actual 'Scheme or Artifice to Defraud' and Interfere with Legal Mail" filed by the plaintiff. (Doc. No. 9).

**I. Background**

Pharaoh Illum'maati, an inmate of the Trousdale Turner Correctional Center (TTCC)[1] in Hartsville, Tennessee, filed a pro se complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). The plaintiff listed his return mailing address as:

> Common Law Office of America
> Pharaoh Illlum'maati SPC
> Trousdale Turner Prison Industrial Complex
> C/O U.S. Postal Service
> 140 Macon Way
> Hartsville, Tennessee 37074-2080

---

[1] Petitioner refers to his facility as the Trousdale Turner Prison Industrial Complex; however, there is no such facility. According to the Tennessee Department of Correction website, the correctional facility located at 140 Macon Way, Hartsville, TN, is called the Trousdale Turner Correctional Center. *See Tenn. Dep't of Corr.*, https://www.tn.gov/correction/sp/state-prison-list/trousdale-turner-correctional-center.html (last visited on Oct. 23, 2020).

1

(*Id*. at 8).

By order entered on July 1, 2020, the court notified the plaintiff that his case could not proceed until he took additional action. (Doc. No. 3). The court directed the Clerk to send the plaintiff a blank application to proceed in forma pauperis for prisoners and, in turn, directed the plaintiff to do one of the following within 30 days of the date he received the court's order: either return to the district court a properly completed application to proceed in forma pauperis or submit the full civil filing fee to the Clerk of Court. (*Id*. at 1).

Further, the court noted that the complaint was signed by Mateem Malik Men-Nefer Shakur Rā (Doc. No. 1 at 3, 4) who, on page six of the complaint, indicated that he would be representing the plaintiff in this action. (*Id*. at 6). Mateem Malik Men-Nefer Shakur Rā was identified as a "Private Attorney General" and "Common Law Counsel" for the plaintiff. (*Id*.) Because Mateem Malik Men-Nefer Shakur Rā had not established that he is a licensed attorney in the State of Tennessee, the court informed him that he could not represent the plaintiff in this action unless and until he established the appropriate credentials. (Doc. No. 3 at 2). The court then directed the Clerk to return the original complaint to the plaintiff so that he could comply with Federal Rule of Civil Procedure 11(a). (*Id*. at 2). In turn, the court directed the plaintiff to return the signed complaint to the court within 30 days of his receipt of the court's order <u>or</u> establish that he is represented by an attorney licensed by the State of Tennessee. (*Id*. at 2-3). The court advised the plaintiff that he could request an extension of time to comply with the court's order if he did so within 30 days of the date of entry of the court's order. (*Id*. at 3).

Because the plaintiff failed to respond to the court's order of July 1, 2020, the court dismissed this action for failure to comply with the order of the court and for want of prosecution

2

by order entered on August 12, 2020. (Doc. No. 5). Judgment was entered on the same date. (Doc. No. 6).

The plaintiff now has filed a motion in which he states that he did not receive either of the court's prior orders and only learned of them when he called the Clerk's Office to inquire as to the status of his case. (Doc. No. 9 at 1). He essentially asks the court to reconsider its July 1, 2020 order dismissing this action.

## II.     Rules 59 and 60 Standards of Review

Because there is no federal procedural rule permitting a "motion for reconsideration," the court considers the plaintiff's motion (Doc. No. 9) as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). The movant may not use Rule 59 to re-argue the case or to present evidence that should have been before the court at the time judgment entered. *See Roger Miller Music, Inc., v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (collecting cases).

Rule 59 motions must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Here, the plaintiff's motion was not filed within 28 days after entry of judgment; thus, the motion is untimely under Rule 59.

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5)

the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

Rule 60(b)(6) is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b). *McGuire v. Warden*, 738 F.3d 741, 750 (6th Cir. 2013). Rule 60(b)(6) only applies in exceptional or extraordinary circumstances where principles of equity mandate relief. *Id*. "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Blue Diamond Coal v. Trustees of United Mine Workers*, 249 F.3d 519, 529 (6th Cir. 2001); *see also Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009). A district court's discretion in deciding a Rule 60(b)(6) motion is especially broad due to the underlying equitable principles involved. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

A motion for relief from a judgment or order under Rule 60 must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Therefore, the plaintiff's motion (Doc. No. 9), if construed as a Rule 60 motion, was timely filed.

### III. Rule 60 Analysis

The plaintiff urges the court to vacate its August 12, 2020 order dismissing this action because he never received the court's July 1, 2020 deficiency order. As a result, he argues, he did not know he needed to take additional steps prior to the court dismissing his action. The plaintiff petitions the court to grant injunctive relief and permit an extension of time to amend the pleadings

4

in this case[2] and in Case No. 3:20-cv-00598[3] "for pecuniary damages, and to have the guarantees of the Court to enforce injunctive mandates to protect prisoners [sic] rights when dealing with his receiving of legal mail." (Doc. No. 9 at 1).

The record reflects that the court sent its prior orders to the plaintiff at the address he provided, and both orders were returned to the court. Upon return, the envelope containing the court's July 1, 2020, order bears what appears to be a postal stamp stating, "Not deliverable as addressed; Unable to forward; Return to sender." (Doc. No. 4 at 1). The envelope also bears a handwritten comment: "NO TDOC#." (Doc. No. 4 at 1). The envelope containing the court's August 12, 2020 order bears what appears to be a postal stamp stating, "Return to sender; Refused; Unable to forward." (Doc. No. 7 at 1). In addition, the envelope bears a stamp by the "Trousdale County Correctional Facility"[4] indicating that the item should be returned to sender because there was "No Inmate TDOC #." (*Id.*)

It appears, then, that TTCC did not deliver the court's mail to the plaintiff because the envelope lacked his Tennessee Department of Correction (TDOC) prisoner identification number. (*Id.*) TDOC Policy 507.02 VI (G) provides as follows:

> All incoming mail must bear the inmate's committed name, TDOC identification number, and the correct institutional address of the inmate recipient. Aliases may be included when such have been legally changed through the court. Exception to the TDOC identification number requirement is allowed for incoming Form 1099s, which are issued by the federal government to indicate the inmate's earned wages. In this instance, the inmate's Social Security number has been indicated and will

---

[2]  Because this case has been dismissed, it is procedurally inappropriate to seek an extension of time within which to file a motion to amend the pleadings. Instead, the plaintiff must ask the court to vacate its order dismissing this action.

[3]  The court cannot grant relief to the plaintiff in a case other than the instant case. Any motions or requests for relief pertaining to Case No. 3:20-cv-00598 must be filed in that case.

[4]  It is unclear why this stamp does not say Trousdale Turner Correctional Facility, the site of the plaintiff's incarceration. It seems unlikely that an employee of the Trousdale County jail—which is located at 315 East Main Street in Hartsville, Tennessee—stamped the plaintiff's envelope bearing the mailing address of the TTCC. It appears TTCC mailroom personnel are using a stamp that does not match the current name of the facility.

5

> serve as proper identification. Every effort shall be made to deliver inmate mail; however, when neither the correct identity of the inmate recipient nor the sender can be determined, the mail/package in question shall be returned to the USPS as "undeliverable mail". Incoming mail that has been opened must be resealed and returned with postage paid by the facility.

*Id*.

The plaintiff does not dispute that he failed to provide his TDOC identification number to the court in this case.[5] The court questions, however, whether the TDOC policy directing state facilities to refuse to deliver an inmate's legal mail simply because the mailing address fails to include the inmate's TDOC identification number passes constitutional muster. "A prisoner's right to receive mail is protected by the First Amendment, but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives." *Sallier v. Brooks*, 343 F.3d 868, 873-74 (6th Cir. 2003) (citing *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). A prison's security needs do not automatically trump a prisoner's First Amendment right to receive mail, "especially correspondence that impacts upon or has import for the prisoner's legal rights, the attorney-client privilege, or the right of access to the courts." *Sallier*, 343 F.3d at 873-74 (citing *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996). "Not all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights. Indeed, even mail from a legal source may have little or nothing to do with protecting a prisoner's access to the courts and other governmental entities to redress grievances or with protecting an inmate's relationship with an attorney." *Id*. at 874.

---

[5] The court notes that the plaintiff identifies himself at Mateem Hudson, TDOC prisoner identification number 505868, in Case No. 3:20-cv-00598, which is pending before the Honorable Judge William L. Campbell, Jr.

Here, TDOC Policy 507.02 VI (G)[6] prevented the plaintiff from receiving a clearly-identified order of the court that required the plaintiff to take action in his federal civil rights action before a certain date. Therefore, the legal mail at issue related to "protecting a prisoner's access to the courts." *Id*. Indeed, the plaintiff's failure to comply with the court's order—which the plaintiff never received—resulted in the dismissal of the plaintiff's action. It is clear that TDOC policy "implicates constitutionally protected legal mail rights." *Id*. Under the circumstances presented here, the court finds that principles of equity mandate relief under Rule 60. Consequently, the plaintiff's motion (Doc. No. 9) will be granted.

## IV. Conclusion

Accordingly, the plaintiff's motion (Doc. No. 9), construed as a Rule 60(b) motion for relief from a judgment or order, is hereby **GRANTED**. The court's order of August 12, 2020 (Doc. No. 5) therefore is **VACATED**.

The Clerk is **DIRECTED** to (1) send the plaintiff a blank application to proceed in forma pauperis for prisoners; (2) return the plaintiff's original complaint to him;[7] and (3) resend the court's order of July 1, 2020 (Doc. No. 3) to the plaintiff. The Clerk shall send the plaintiff's mail to:

> Pharaoh Illum'maati/Mateem Hudson # 505868
> Trousdale Turner Correctional Facility
> C/O U.S. Postal Service
> 140 Macon Way
> Hartsville, Tennessee 37074-2080[8]

---

[6] The court notes that the plaintiff could have aided in the mailroom staff's ability to identify him as the recipient of the court's orders by including his legal name (Mateem Hudson) not just his alias in his mailing address. Further, it is unclear why the plaintiff could not have included his TDOC prisoner identification number in this case when he did so in his other case pending in this district.

[7] In the event the original complaint is no longer available, the Clerk shall mail the plaintiff a copy of his original complaint for the plaintiff's signature.

[8] While the plaintiff maintains that TTCC should have been able to identify him as the intended recipient of the court's mail because "the mail room dept. had enough information on the contents on the document to properly

7

In order to proceed with this action, the plaintiff **MUST** comply with the court's instructions set forth in the July 1, 2020 order no later than December 15, 2020.

An extension of time to comply with this order may be requested from this court if the plaintiff files a motion for an extension of time within 30 days of the date of entry of this order. *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Rule 24, Fed. R. App. P.

It is so **ORDERED**.

                                                                        _____
                                                                        Aleta A. Trauger
                                                                        United States District Judge

---

identify Mateem Hudson via HUDSON TRUST ACCT# 505868," (Doc. No. 9 at 1), the plaintiff identifies himself as Pharaoh Illum'maati in his complaint and return mailing address—not Mateem Hudson. It appears that Pharaoh lllum'maati is an alias for Mateem Hudson. In an attempt to facilitate delivery to the plaintiff, the court has directed the Clerk to include the plaintiff's apparent alias in his mailing address.