IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHARAOH ILLUM'MAATI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:20-cv-00546 ) |
| | ) Judge Trauger |
| KENNETH BAILEY, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pharaoh Illum'maati #505868, also known as Mateem Hudson, an inmate of the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, filed a pro se complaint under 42 U.S.C. § 1983 against CoreCivic, Samantha Daugherty, Kenneth Bailey, Angela Warren, and Todd Browning, alleging violations of the plaintiff's civil rights. (Doc. No. 1). The complaint was not signed, so the court ordered the plaintiff to sign and resubmit the complaint. (Doc. No. 12).

As directed by the court, the plaintiff now has filed an amended complaint (Doc. No. 13), which is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.   PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws...." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that, while incarcerated at the TTCC on August 20, 2019, the plaintiff was using a computer in the library, with the permission of the librarian and defendant Kenneth Bailey, as part of his prison job. Defendant Samantha Daugherty, "in her professional

capacity", prepared a report "containing fraud and false statements" regarding the nature of papers the plaintiff attempted to print in the library (Doc. No. 13 at 2); she believes the plaintiff was "guilty of plagiarism in a massive way" as "[t]here is nothing empirical about" the "collection" he wanted to print. (*Id*. at 14). "Computer Ap Instructor" Todd Browning in his individual capacity "facilitated the fraud." (*Id*. at 2). Based on Daugherty and Browning's statements, Principal Bailey determined that the plaintiff should be charged with defiance and that his job should be terminated.

The complaint alleges that the material the plaintiff wanted to print was not inappropriate. (*Id*. at 6). However, the plaintiff agreed to "capitulate" upon the advice of the inmate advisor, agreeing only to plead guilty to the charge of defiance with the understanding that Principal Kenneth Bailey's request for a "Job Drop" would be waived by the Disciplinary Board. (*Id.* at 2). However, on August 21, 2019, Principal Bailey conveyed false information to Angela Warren, who "in her professional capacity", approved the job termination several days before the plaintiff appeared in the "D-Board forum." (*Id*.) The complaint alleges Warren is not authorized "to mandate." (*Id*.)

The plaintiff was "illegally job dropped" for excessive absence on August 21, 2019. (*Id*. at 2). According to the complaint, the State created a liberty interest in that, by policy, only the Disciplinary Board can recommend the termination of a prisoner's job. (*Id*. at 3). The loss of the plaintiff's job "worked a fairly major change" in his conditions. (*Id*. at 5). Specifically, the complaint alleges that, "[i]n the absence of the punishment, Plaintiff, like other inmates in TTCC general prison population would have left his cell and worked, taken classes, or mingled with others for eight hours under safer conditions. (*Id*. at 5).

In addition, the complaint alleges that the plaintiff was prevented from notifying the Assistant Warden about the unconstitutional conduct. (*Id*. at 3). According to the complaint,

3

Defendants Bailey and Browning intimidated the plaintiff and "barraged Plaintiff with directives to either go into the class or return to housing unit"; the plaintiff complied with their orders "even though it worked to his disadvantage when trying to seek help" from the Assistant Warden. (*Id*. at 6). The plaintiff seeks $10,000,000 in "compensation." (*Id*. at 3)

**IV.     Analysis**

The complaint names CoreCivic, Samantha Daugherty, Kenneth Bailey, Angela Warren, and Todd Browning as defendants to this action. The individual defendants are sued in both their individual and official capacities.

### A.     Official Capacity Claims and Claims against CoreCivic

Plaintiff's official-capacity claims against Daugherty, Bailey, Warren, and Browing, all alleged to be CoreCivic employees, are essentially claims against CoreCivic itself. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Ky. v. Graham*, 473 U.S. 159, 165 (1985)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). Because it "performs the traditional state function of operating a prison," CoreCivic "acts under the color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). To state a claim against CoreCivic, the plaintiff must allege that his "'constitutional rights were violated and that a policy or custom' of [CoreCivic] 'was the moving force behind the deprivation of [his] rights." *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)).

Here, the plaintiff makes no such allegation regarding a "policy or custom" of CoreCivic. Thus, the plaintiff fails to state a claim against CoreCivic, and his official-capacity claims against Samantha Daugherty, Kenneth Bailey, Angela Warren, and Todd Browning will be dismissed.

4

### B. Due Process Claims

The complaint alleges that the defendants issued a false disciplinary report against him and unlawfully terminated his prison job.

A prisoner does not have a due process right to be free of false disciplinary charges. *See Upshaw v. Jones*, No. 14-2534-JDT-TMP, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015) (citing *Person v. Campbell*, 182 F.3d 918, 1999 WL 454819, at *1 (6th Cir. June 21, 1999)). While a prisoner has a due process right to call witnesses on his behalf at a hearing, *Edwards v. Balisok*, 520 U.S. 641, 647 (1997), prisoners have no right to not to be charged with or convicted of prison disciplinary offenses. *See also Wolff*, 418 U.S. at 564-71. For these reasons, the plaintiff does not state a claim for relief under § 1983 as to "false" disciplinary reports by defendants Daugherty, Bailey, Warren, and/or Browning.

In addition, prisoners such as the plaintiff have no Fourteenth Amendment property or liberty interest in a prison job, and the loss of a prison job or the ability to participate in rehabilitative or educational programs does not violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (explaining that "deprivations of this kind simply are not punishments. We would have to wrench the Eighth Amendment from its language and history to hold that delay of these desirable aids to rehabilitation [such as job and educational opportunities] violates the Constitution."); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (stating that there is no property or liberty interest in prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("It is well established that no prisoner has a constitutional right to a particular job or to any job."). For these reasons, the plaintiff had no constitutional right to retain his prison job.

To the extent that the plaintiff's claim includes a claim for lost wages, "[a]s the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Miller v. Campbell*, 108 F. Supp. 2d 960, 967 (W.D. Tenn. 2000) (citations omitted). "Rather prison administrators may assign inmates jobs and wages at their discretion. Plaintiff thus has no property or liberty interest in either a paying job in prison or in receiving payment at any particular rate or schedule." *Id.* (internal citations omitted). Consequently, the plaintiff fails to state a claim for relief under § 1983 with respect to the termination of his prison job.

### C. Violations of TDOC Policies

The complaint alleges that the defendants' termination of the plaintiff's prison job violates TDOC and/or TTCC policy. (Doc. No. 13 at 2).

An inmate's allegation that prison officials failed to follow TDOC administrative policies does not, in and of itself, rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). After *Sandin v. Conner*, 515 U.S. 472, 484 (1995), it is clear that mandatory language in prison regulations does not create a liberty interest protected by the Due Process Clause, as the plaintiff contends. *See Rienholtz v. Campbell*, 64 F. Supp. 2d 721, 729-30 (W.D. Tenn.), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (citing *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-71 (6th Cir. 1995)). Neither does § 1983 provide a remedy for violations of state laws or regulations. *Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate."). *See also Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (finding that the violation of a prison

6

regulation is not actionable under § 1983) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)).

For these reasons, the plaintiff does not have a constitutional right to demand that defendants comply with any particular TDOC policy. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Consequently, the court finds that the complaint fails to state Section 1983 claims arising from any defendant's failure to follow TDOC or facility policies. These claims will be dismissed.

### D.     Allegations of Criminal Conduct

The complaint also alleges that some or all defendants engaged in activity in violation of state criminal statutes, including Tenn. Code Ann. §§ 39-16-403, 41-1-103, and 47-25-1105(a) as well as 18 U.S.C. §§ 2(b), 3, 4, 35, 241, 242, 287, and1001. (Doc. No. 13 at 2).

To the extent that the plaintiff asks the court to initiate criminal charges against these individuals and entities on his behalf, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Tunne v. U.S. Postal Service*, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). "While a citizen may make a complaint regarding suspected criminal conduct to the proper authorities, the choice to bring criminal charges pursuant to Tennessee law is left to the discretion of the appropriate District Attorney General." *Sanford v. Armour*, No. 19-1270-JDT-cgc, 2020 WL 4369452, at *10 (July 30, 2020). This court lacks jurisdiction to initiate any investigations of alleged criminal activity upon request of the plaintiff.

7

### E. Intimidation and Retaliation Claims

Next, the complaint alleges that the plaintiff was prevented from notifying Assistant Warden about the defendants' unconstitutional conduct. (Doc. No. 13 at 3). Specifically, the complaint alleges that defendants Bailey and Browning intimidated the plaintiff and "barraged Plaintiff with directives to either go into the class or return to housing unit." (*Id.* at 6). According to the complaint, the plaintiff complied with their orders "even though it worked to his disadvantage when trying to seek help" from the Assistant Warden. (*Id.*)

With regard to the plaintiff's allegations of intimidation, verbal abuse of the nature described does not rise to the level of a constitutional violation. *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir.1999); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir.1987).

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus - X v. Blatter*, 175 F.3d 378, 388 (6th Cir.1999) (en banc ). To establish a prima facie case of retaliation within the context of § 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements (1) and (2), *i.e.,* that the adverse action was motivated at least in part by plaintiff's protected conduct. *Id.* at 394. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than de minimis harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X*, 175 F.3d at 396. In the prison context, an adverse action is one that is "comparable to transfer to administrative segregation . . . ." *Thaddeus-X*, 175 F.3d at 397. Further, "[i]f a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one." *Thaddeus-X*, 175 F.3d at 395. Finally,

8

a disciplinary charge that is upheld on appeal "checkmates a retaliation claim." *Lewis v. Turner*, No. 00-4049, 2001 WL 669816, at *2 (6th Cir. June 7, 2001).

With regard to the plaintiff's retaliation claim, he does not identify any harm, de minimis or otherwise, that resulted from the alleged retaliation by the defendants. Even if the plaintiff had spoken with the Assistant Warden, the plaintiff was not entitled to retain his prison job. As a result, the plaintiff's intimidation and retaliation claims against the defendants fail to state claims under § 1983 on which relief can be granted. These claims will be dismissed.

### F. Civil Conspiracy Claims

The complaint also alleges that the defendants engaged in a civil conspiracy. But a § 1983 civil conspiracy by itself does not constitute a separate cause of action. As recently explained by a district court within this circuit:

> "A claim for civil conspiracy under § 1983 exists only where the plaintiff has established a separate and actionable constitutional injury." *Rapp v. Dutcher*, 557 F. App'x 444, 450 (6th Cir. 2014) (citing *Bauss v. Plymouth Twp.*, 233 F. App'x. 490, 500 (6th Cir. 2007)); *see Wiley v. Oberlin Police Dep't*, 330 F. App'x 524, 530 (6th Cir. 2009) ("[Plaintiff] cannot succeed on a conspiracy claim because there was no underlying constitutional violation that injured her."). Having dismissed the individual panel members because [the plaintiff] has not sufficiently alleged that they violated its due process rights, [the plaintiff's] conspiracy claim against them also fails.

*PB&J Towing Serv., I&II, LLC v. Hines*, No. 2:18-CV-2556, 2020 WL 236745, at *8 (W.D. Tenn. Jan. 15, 2020). The same applies to the instant case; because the plaintiff has failed to state a claim against any defendant for a violation of his constitutional rights, the plaintiff's § 1983 civil conspiracy claim against all defendants also fails.

Alternatively, "[e]ven if there were a 'separate and actionable constitutional injury,' the court would dismiss the conspiracy claim because the plaintiff has not alleged sufficient facts to support it. The Sixth Circuit has defined a civil conspiracy under 42 U.S.C § 1983 as follows:

9

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not know all of the details of the illegal plan or all of the participants involved. All that must be shown is that there is a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985).

Conspiracy claims must be pled with a degree of specificity. *Hamilton v. City of Romulus*, 409 F. App'x 826, 835-36 (6th Cir. 2010). Vague and conclusory allegations unsupported by material facts are insufficient, although circumstantial evidence of an agreement among all conspirators may provide adequate proof. *Id*.

The plaintiff's allegations of a civil conspiracy between two or more defendants are too vague and conclusory under *Hooks*, 771 F.2d 935, 943-44, and *Hamilton*. 409 F. App'x 826, 835-36. The court finds that the plaintiff's allegations of a civil conspiracy do not survive the PLRA's screening, and these claims will be dismissed.

### G. State Law Claims

Finally, the complaint alleges state law claims of intentional infliction of emotional distress and defamation. 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

*Id*. The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id*. at § (c)(3).

Having dismissed the plaintiff's federal claims, the court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the complaint. As such, any state law claims

asserted in the complaint will be dismissed without prejudice, to be filed, if the plaintiff so chooses, in a Tennessee state court.

**V.      Conclusion**

For the reasons explained above, the court finds that the complaint fails to state a claim upon which relief can be granted under 42 U.S. § 1983, and this action will be dismissed. The court declines to exercise supplemental jurisdiction over the plaintiff's state law claims, and those claims will be dismissed without prejudice.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge

11

Case 3:20-cv-00546   Document 15   Filed 01/27/21   Page 11 of 11 PageID #: 80